WIGGINTON, Judge.
Appellant appeals the judge of compensation claims’ denial of her claim for temporary disability benefits, compensability of her back condition and authorization of a certain doctor. We affirm.
Competent substantial evidence supports the judge of compensation claims’ determinations in this case. The only issue raised by appellant that merits discussion concerns paragraph two of the decretal portion of the appealed order which declares: “The claim for compensability of the back condition is denied and dismissed without prejudice.” The judge relied upon the testimony of two doctors in determining that, despite the testimony of appellant’s chiropractor to the contrary, appellant has not developed a back condition as a result of her injury “at this time.” The judge further stated: “Should back problems develop, a new claim may be filed.”
Appellant based her attack on that portion of the order strictly upon her assertion that the question of compensability of her back condition was not an issue and upon the argument that competent substantial evidence does not support the judge’s determination.[1] However, we find that the *975 question of compensability of her back condition was clearly an issue and that competent substantial evidence supports the judge’s determination.
ERVIN and WENTWORTH, JJ., concur.

. Appellant has not raised the specific issue of the application of Section 440.28, Florida Statutes, to the judge's handling of this matter by denying compensability of appellant’s back condition "at this time" and "without prejudice" to the assertion of compensability of the back condition at a later date. Therefore, we do not address that issue.